# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                       **Case No. 05-CR-240**

**GREGORIO ACOSTA, et al,**

        **Defendants.**

_____

## FIRST AMENDED PROTECTIVE ORDER
## REGULATING THE DISSEMINATION OF DISCOVERY MATERIALS

The United States of America, by and through its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Mario Gonzales, Assistant United States Attorney, and David Robles, Special Assistant United States Attorney for said district, having moved this Court under Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a protective order regulating the dissemination of discovery material in the above-captioned case;

The Court having found that there is a clear and compelling need for an order regulating the dissemination of discovery under Rule 16(d)(1) of the Federal Rules of Criminal Procedure;

And the Court having reviewed the February 10, 2006 "Joint Response of the Discovery Coordinating Committee and Counsel for the Government" ("Joint Response");

THE COURT DOES HEREBY ORDER THAT:

(1) The discovery materials[1], such as investigative reports, witness interviews, shall be made available on or before November 23, 2005. Each defense counsel is to be provided with a single copy of the materials in an electronic format. Said materials may mask the identification of certain cooperating witnesses, as well as the addresses, telephone numbers, and other identifying information relative to those persons and citizen witness. As additional materials become available and/or it becomes appropriate for the identity of certain persons to be disclosed, the United States Attorney's Office shall notify each attorney, and a supplemental electronic copy of the additional materials will be made available to each defense counsel. The government will remove the security measure that currently prevents copying by defense counsel.

(2) Each defense attorney may make copies of the discovery materials as necessary to prepare the defense of the case. All discovery materials, including necessary copies, shall remain under the control of the defense attorney. Discovery materials, while in the custody and control of the defense attorney, may be reviewed by the defendant represented by a defense attorney, licensed investigators employed by the defense

---

[1] The government advised the court that the materials currently contain several thousand pages of documents, dozens of consensual recordings, video surveillance, and audio telephone calls. The government has indicated that documents and other audio or video discovery will be disseminated to counsel on CDs and DVDs.

attorney, and any other individuals deemed necessary by the defense attorney. The defense attorneys may relinquish copies of the witness= statement or statements produced in discovery to licensed investigators employed by the defense attorney for limited periods of time as necessary to facilitate an investigation interview with that witness. Copies of the discovery materials filed with the court must be filed under seal to retain the confidential nature of the materials unless consent to filing in the public record is obtained from an attorney for the government. All materials produced or copied under the proposed order must be returned to the United States Attorney at the conclusion of the case, which may include time for appeal and resolution of a timely 28 U.S.C. ' 2255 petition. Unless otherwise ordered by the court, the discovery materials shall not be physically relinquished to any third party, including clients, investigators, or any other individual. Discovery materials may be provided to a third party (commercial copier) approved by the Court or the Clerk of Courts office and described in the Joint Response to make hard copies for the parties.

(3) The government shall make arrangements with any and all institutions where the defendants are detained so that a set of discovery materials can be maintained at each institution for inspection by the defendants. Defendants shall be prohibited from copying the materials or otherwise obtaining or maintaining copies of any such materials and shall be prohibited from transporting any of these materials to their respective cellblocks. The defendants may take notes from their review of discovery materials.

(4) The Court otherwise adopts and approves the proposals for copying service, numbers of copies, distribution of copies, location of copies, payment for copying, as well as searchability of DVD of discovery on DVD diskettes.

(5) The date for submission of a joint motion schedule, as described in this Court=s January 18, 2006 at paragraph 2, is changed to May 15, 2006.

Dated at Milwaukee, Wisconsin this 22nd day of February, 2006.

By the Court:

s/ Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge